Argued at Pendleton May 2; affirmed May 24; rehearing denied
July 6, 1938

# FULTON *v.* KUCK

(79 P. (2d) 647)

In Banc.

*Celia L. Gavin,* of The Dalles (Gavin & Gavin, of
The Dalles, on the brief), for appellant.

*John M. Stapleton,* of The Dalles, for respondent.

BELT, J. This is a suit to determine a dispute or controversy between two owners of adjacent lands in Wasco county, Oregon, over a boundary line. The controversy concerns the boundary line between the E. ½ of Sec. 3, T. 1 N., R. 15 E., W. M., land owned by plaintiff, and the N. E. ¼ of Sec. 10 in the same township and range, owned by the defendant Minnie A. Kuck.

Plaintiff contends that the fence now marking the boundary line between the E. ½ of Sec. 3 and the N. E. ¼ of Sec. 10 is not located on the true boundary line in that the west end thereof is 48 feet north of the northwest corner of the N. E. ¼ of Sec. 10 and the east end of the fence is 18 feet north of the northeast corner of the same quarter section. The amount of land involved is approximately two acres.

Defendant asserts that the fence in question has been in existence for 30 or 40 years and has been continuously recognized by the adjacent landowners as marking the true boundary line and, in fact, is such. The cause was submitted to a jury, sitting in an advisory capacity, and a verdict was rendered in keeping with the contention of the plaintiff. The court, thereupon—after making findings of fact—entered a decree in favor of the plaintiff. Defendants appeal.

Much of the record is unintelligible because witnesses, in testifying, often referred to certain lines as going "here" and "there" and "over there". Counsel should remember that such testimony may be clear to the trial court who sees the witness pointing to maps and plats, but it is meaningless on review.

■ The record is, however, clear that the fence between the E. ½ of Sec. 3 and the N. E. ¼ of Sec. 10 was not recognized by the parties in interest as marking the true boundary line. It is true that defendants' predecessors in title farmed the land up to the fence but

there was no real claim that the fence marked the true boundary. The northeast corner of section 10, as established by government survey, has been shown with reasonable certainty and such corner is about 18 feet south of the east end of the fence upon which defendants rely as the boundary. Many of the other section corners are difficult of location. However, the fence in question. is out of line with the fence built on the section line between the west ½ of Sec. 3 and the west ½ of Sec. 10. It is also out of line with the fence once built between the east ½ of section 2 and the east ½ of section 11. No good purpose would be served by setting forth the evidence in detail. A careful study of the record convinces us that the findings of the trial court are supported by the greater weight of the evidence.

■ This proceeding, brought by virtue of the statute (§§ 6-1101 to 6-1105, inclusive), is not for the purpose of determining and does not determine title to the land in controversy.

■ Neither do we think assignments of error relative to submission of the cause to the jury are well taken. The jury was selected with consent of counsel and acted only in an advisory capacity to the court.

■ The decree of the lower court is affirmed and the cause remanded with directions to appoint a commission as required by statute to mark out on the ground the boundary as ascertained by the court: *Newton v. McKeel,* 142 Or. 674 (21 P. (2d) 206).

Plaintiff is entitled to costs and disbursements.

RAND and ROSSMAN, JJ., not sitting.